IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRIAN C. PRINCE,**

       **Petitioner,**

**v.**　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 1:12cv64**
　　　　　　　　　　　　　　　　　　　**(Judge Keeley)**

**TERRY O'BRIEN,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On April 19, 2012, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On May 4, 2012, he tendered the $5.00 filing fee. The petitioner is a federal inmate housed at USP Lewisburg[1] and is challenging the validity of his sentence. On May 30, 2012, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Therefore, the respondent was ordered to show cause why the writ should not be granted. On August 2, 2012, the respondent filed a Motion to Dismiss and a Response to the Order to Show Cause. On August 23, 2012, a Roseboro Notice was issued, and on August 28, 2012, the petitioner filed a reply.

### II. FACTS

On September 1, 1998, the petitioner pleaded guilty to bank robbery in violation of 18 U.S.C.

---

[1] At the time the petition was filed, the petitioner was housed at USP Hazelton. However, his transfer does not deprive this court of jurisdiction.

1

§ 2113(a). Under the terms of the plea agreement, the United States agreed not to oppose a reduction for acceptance of responsibility. The petitioner's criminal record included convictions in the state of Kansas for attempted burglary of a residence, criminal destruction of property and attempted aggravated escape from a halfway house. Because the Presentence Investigation Report determined those offense constituted crimes of violence, a career offender enhancement under U.S. S. G § 4B1.1 was recommended in the report.

Between the time that the presentence investigation was completed and the sentencing took place on February 22, 1999, the petitioner had stabbed another inmate which the Court concluded at the sentencing demonstrated that he had not shown acceptance of responsibility under U.S.S.G. § 3E1.1. The Court also relied on his prior convictions for the attempted burglary of a residence and attempted aggravated escape from custody as the basis for qualifying the defendant/petitioner as a career offender and sentenced him to 210 months in custody. The District Court Judgment was affirmed by the Tenth Circuit Court of Appeals in U.S. Prince, 204 F.3d 1021 (10th Cir. 2000), *cert denied*, 529 U.S. 1121 (2000), *Reconsideration overruled* by U.S. v. Prince, 176 F.Supp. 2d 1296 (D. Kan. 2001).

The petitioner filed a § 2255 Motion in the District Court for District of Kansas in 2001, claiming, among other things, that his escape conviction did not qualify as a violent felony on the basis that he was only sentenced to ten months in prison. He also argued that it was not a crime of violence because he simply walked away from the unsecured facility where he was serving his sentence. On the basis of a procedural default, the District Court denied relief. United States v, Prince, 2001 WL 1006073, at *4 (D. Kan. Aug. 10, 2001)(attached hereto as Government Exhibit 1).

Following the Supreme Court's decision in Chambers v, United States, 555 U.S. 122 (2009), which the petitioner argued held that failing to report for penal confinement did not qualify as a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), 555 U.S. at 130, he petitioned the Kansas District Court for relief in a pleading he styled as a Writ of Audita Querela. The petition was dismissed by the Court as a second or successive § 2255 Motion despite the petitioner's attempt to rename it as an Audita Querela Writ. The Kansas District Court, however, also noted with regard to the merits of the petitioner's claim that the United States Supreme Court had not made the decision in Chambers retroactive to second or successive § 2255 Motions as required by § 2255(h)(2). United States v. Prince, 2010 WL 58991, at *1-2 (D. Kan. Jan. 6, 2010)(Doc. 24-2).

Next, the petitioner sought authorization to file a successive § 2255 Motion in the United States Court of Appeals for the Tenth Circuit arguing that the Court had recognized Chambers' retroactive application in the opinion announced by that Court in United States v. Shipp, 589 F.3d 1084, 1091 (10th Cir. 2009), thereby creating the ability for him to prosecute a successive § 2255 Motion. On June 5, 2012, the Tenth Circuit Court of Appeals entered an Order denying the petitioner's attempt to meet the standards for authorization of a successive § 2255 action on the basis that the Supreme Court must explicitly hold that a rule it announces applies retroactively to a case before a new rule is made retroactive to successive § 2255 cases. (Doc. 24-3).

### III. ISSUES PRESENTED

In his pending § 2241 petition, the petitioner raises the following claims for relief:

1. his prior conviction for "attempted aggravated escape from custody" is no longer considered a "crime of violence" for purposes of the ACCA.

3

2. his rights were violated when the United District Court for the District of Kansas recharacterized and construed his petition for writ of audita querella as a second and successive motion to vacate under § 2255.

3. the decision in <u>Chambers</u> has a retroactive application to his prior conviction for attempted aggravated escape from custody and invalidates said conviction as a prior crime of violence.

4. he is actually innocent of the ACCA.

In his motion to dismiss or, in the alternative, motion for summary judgment, the respondent argues that

1. the petitioner's claim does not merit relief under § 2241; and

2. the petitioner's claim of actual innocence cannot be utilized as it applies to a sentencing enhancement rather than a conviction.

In reply to the respondent's Motion to Dismiss, the petitioner argues that he does meet the savings clause in § 2251 to have his claims addressed pursuant to 28 U.S.C. § 2241. He further argues that his predicate offense for escape does not qualify as a violent felony in light of the U.S. Supreme Court decision in <u>Carachuri-Rosendo v. Holder</u>, 130 S.Ct. 2577 (2010).

### III. <u>STANDARD OF REVIEW</u>

**A. <u>Motion to Dismiss</u>**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the

complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order

to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

## IV. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new

rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under § 2241. More specifically, it is clear from the language used in Jones that the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.[2] Here, the petitioner's claim does not fall within the ambit of the savings clause because he cannot satisfy the second element of the Jones test as he cannot show that "the substantive law has changed such that the conduct of which he was convicted [bank robbery in violation of 18 U.S.C. § 2113(a)] is deemed not to be criminal." Jones, 226 F.3d at 333-34.

The petitioner's challenge is based not on the offense for which he was convicted, but rather on a Sentencing Guidelines enhancement respecting his qualification as a career offender. The Fourth Circuit has not broadened the parameters of the analysis of the savings clause in Jones to encompass a challenge to a sentence based on a sentence guideline enhancement or a claim of "actual innocence" of a sentence guideline enhancement. See Boynes v. Berkebile, 2012 WL

---

[2]In Jones, the petitioner was convicted of using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.§ 924(c)(1), based on constructive possession of firearms. Subsequent to the petitioner's unsuccessful § 2255 motion challenging his sentence, the Supreme Court, in Bailey v. United States, 516 U.S. 137 (1995) held that "use" of a firearm under Section 924(c)(1) required the "active employment of a firearm." The petitioner was precluded from filing a successive § 2255 motion because the decision in Bailey did not constitute a new retroactive rule of constitutional law or constitute newly discovered evidence. The Fourth Circuit held that, under the circumstances, a § 2255 motion was inadequate to test the legality of the petitioner's detention and permitted the use of the § 2241 petition. Of importance, is that the petitioner in Jones challenged his offense of conviction.

1569653 (S.D.W.Va. May 1, 2012).³ Furthermore, as noted by Judge Berger in her decision in Boynes, opinions issued by several Fourth Circuit district courts, that reject a petitioner's attempt to employ § 2241 to challenge the legality of a sentence where the petitioners assert they are actually innocent of the predicate offense have been affirmed by the Fourth Circuit, although by unpublished opinion. In addition, as noted by Judge Berger, other Appellate courts have rejected the use of the savings clause for challenges to a petitioner's sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (finding that § 2255 was not inadequate or ineffective such the savings clause would permit a challenge to a prisoner's sentence); Adderly v. Zickefoose, No. 11-6450, 2011 WL 5513187, *1 (D.N.J. Nov. 9, 2011), *aaf'd*, 2012 WL 252416, *1 (3d Cir. Jan. 27, 2012(unpublished decision); see also Bradford v. Tamez, 660 F.3d 226, 230 (5ᵗʰ Cir. 2011)(disallowing claim under the savings clause because a "claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241."); Kinder v. Purdy, 222 F.3d 209 (5ᵗʰ Cir. 2000).

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss (Doc. 23) be **GRANTED**, and the Petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** .

Within fourteen (14) days after being served with a copy of this Recommendation, any party

---

³ The undersiigned notes that the petitioner cites U.S. v. Mikalajuanas, 186 F.3d 490 (4ᵗʰ Cir. 1999) and U.S. v. Pettiford, 612 F.3d 270 (4ᵗʰ Cir. 2010), in an attempt to argue that actual innocence does apply in the context of sentencing enhancements. However, the petitioner misreads the holdings in those decisions and fails to recognize that both cases involved petitions filed pursuant to § 2255 and § 2241.

may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet..

DATED: October 24, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE