IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRIAN C. PRINCE,

        Petitioner,

v.                               CIVIL ACTION NO. 1:12cv64
                                     (Judge Keeley)

TERRY O'BRIEN,

        Respondent.

**ORDER AND OPINION ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 34]**

Before the Court is the magistrate judge's Report and Recommendation ("R&R") concerning the 28 U.S.C. § 2241 petition filed by Brian C. Prince ("Prince"). For the reasons set forth below, the Court **ADOPTS** the magistrate judge's R&R in its entirety.

**I.**

On April 19, 2012, Prince filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) alleging that he is "actually innocent" of the Armed Career Criminal Act ("ACCA") designation he received at his sentencing. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a R&R in accordance with LR PL P 2.

On August 2, 2011, the respondent, Terry O'Brien ("O'Brien"), filed a Motion to Dismiss. (Dkt. No. 23). On August 23, 2012, the magistrate judge issued Prince a Roseboro Notice. (Dkt. No. 27). Prince filed a timely response in opposition to O'Brien's motion on August 28, 2012. (Dkt. No. 30).

1

**PRINCE v. O'BRIEN**                                               **1:12CV64**

**ORDER AND OPINION ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 34]**

Magistrate Judge Kaull issued an Opinion and R&R on October 24, 2012, in which he recommended that O'Brien's motion to dismiss be granted and the petitioner's § 2241 petition be denied and dismissed without prejudice. (Dkt. No. 34). Pursuant to In re Jones, 226 F.3d 328 (4th Cir. 2000), Magistrate Judge Kaull determined that Prince is not entitled to file the instant § 2241 petition because he has not established that § 2255 is an inadequate or ineffective remedy for his claims.

Prince filed objections to Magistrate Judge Kaull's R&R on November 6, 2012 (dkt. no. 36), and additional objections on December 3, 2012. (Dkt. No. 37). In essence, Prince contends that he can meet the three-prong test of In re Jones and that, consequently, the magistrate judge incorrectly determined that § 2241 was an improper vehicle for his claims. After conducting a de novo review, the Court concludes that Prince's objections are without merit.

**II.**

Prince pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a) on September 1, 1998. Based on Prince's prior convictions in Kansas for attempted burglary of a residence and aggravated escape from a halfway house – both determined to be crimes of violence in the Presentence Investigation Report – the

2

**PRINCE v. O'BRIEN**                                                          **1:12CV64**

**ORDER AND OPINION ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 34]**

district court found Prince to be a career offender and sentenced him to 210 months in custody. See United States v. Prince, No. 98-20005-KHV, 01-3199-KHV, 2001 WL 1006073, *1 (D.Kan. Aug. 10, 2001). Prince did not challenge his career offender designation on direct appeal. United States v. Prince, 204 F.3d 1021 (10th Cir. 2000) cert denied, 529 U.S. 1121 (2000)

In 2001, Prince filed a § 2255 motion in the District Court of Kansas, in which, relevant to his petition before this Court, he alleged "his halfway house escape should not have supported a career offender enhancement." Id. at *2. Because Prince did not raise that issue in his direct appeal, the district court barred him from raising it in a collateral attack and dismissed his habeas petition. Id. at *4.

Next, in 2010, Prince filed a "Petition for Writ of Audita Quierela [sic] And Other Relief Under the All Writs Act," again in the District Court of Kansas, in which he argued that in light of the Supreme Court's decision in Chambers v, United States, 555 U.S. 122 (2009), "his prior conviction for escape from custody does not qualify as a violent felony for purposes of the career offender guideline." United States v. Prince, No. 98-20005-01-KHV, 2010 WL 58991, *1 (D.Kan. Jan. 6, 2010). After construing Prince's petition as a successive a § 2255 motion petition, the district court

3

**PRINCE v. O'BRIEN**  1:12CV64

**ORDER AND OPINION ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 34]**

dismissed the petition for lack of jurisdiction. Id. at *1. Moreover, because Prince's petition was untimely, the district court did not give him the opportunity to withdraw his motion for a writ of audita querela before construing it as a § 2255 petition and dismissing it. Id. As to the substance of Prince's argument, the district court noted that Chambers was not retroactive to second or successive § 2255 motions, as required by § 2255(h)(2). Id. at *1-2.

Finally, Prince petitioned the Tenth Circuit for authorization to file a successive § 2255, renewing his argument that Chambers retroactively applied to his case, and challenging the district court's refusal to allow him to withdraw his writ before construing it as a § 2255 petition. (Dkt. No. 24-3). On June 5, 2012, the Tenth Circuit denied Prince's petition, not only because it was untimely, but also because the Supreme Court has not held Chambers to be retroactive to either initial or successive § 2255 petitions. Id. (citing Bey v. United States, 399 F.3d 1266, 1268 (10th Cir. 2005)). Further, the Tenth Circuit held that the district court was not obligated to notify Prince prior to construing his writ as a successive § 2255 petition. Id. (citing United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2010)).

Now, Prince raises those same arguments in this Court. In his

4

**PRINCE v. O'BRIEN** 1:12CV64

**ORDER AND OPINION ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 34]**

pending § 2241 petition, Prince argues that:

(1) his prior conviction for escape from custody does not qualify as a violent felony for purposes of the career offender guidelines;

(2) Chambers applies retroactively to his case;

(3) the District Court of Kansas violated his rights when, in 2010, it construed his writ as a successive § 2255 motion, and

(4) he is actually innocent of the ACCA designation.

### III.

Where, as here, a petitioner seeks to attack the imposition of his sentence, rather than its execution, he may only seek a writ of habeas corpus pursuant to § 2241 by demonstrating that § 2225 is "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255(e) (the "savings clause"); see also In re Jones, 226 F.3d at 332. Section 2255 is inadequate or ineffective where:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Contrary to Prince's arguments, he

5

**PRINCE v. O'BRIEN**                                                   1:12CV64

**ORDER AND OPINION ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 34]**

has not established that "the conduct of which [he] was convicted" is no longer criminal, as required by the second prong of this test. Id.

Fundamentally, "Fourth Circuit precedent does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, No. 1:11CV9, 2012 WL 509852 (N.D.W. Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined [] to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (emphasis added) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender). Here, Prince does not assert that the conduct for which he was actually convicted, attempting to escape from a halfway house, is no longer criminal. See In re Jones, 226 F.3d at 334. Accordingly, he is not entitled to proceed under § 2241. See, e.g., James v. Stansberry, No. 3:08-512, 2009 WL 320606, at *2 (E.D. Va. Feb. 9, 2009) (collecting cases); see also Cooper v. Warden FCI Williamsburg, No. 4:10-2402, 2010 WL 6297767, at *3 (D.S.C. Dec. 1, 2010) ("Petitioner's action seeking a determination that he is actually innocent of a[n] [ACCA] sentence

6

**PRINCE v. O'BRIEN**                                                          **1:12CV64**

**ORDER AND OPINION ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 34]**

enhancement fails to state a cognizable § 2241 claim.").

While Prince correctly notes that another court in this district has considered claims similar to his in the context of a § 2241 petition, Alford v. DeBoo, No. 5:11CV10, 2011 WL 3758751 (N.D.W. Va., Aug. 23, 2011 ); Key v. O'Brien, No. 5:11CV11, 2011 WL 3648236 (N.D.W. Va., Aug. 18, 2011), those petitions were reviewed for clear error, and in neither case did the court actually grant the petitioner relief. Instead, in both cases, the court construed the § 2241 petition as a writ of error coram nobis and transferred the writ to the sentencing court. Therefore, relying on its own recent decision in Petty, and the guidance of the Fourth Circuit in Darden, the Court concludes that Prince has failed to state a cognizable § 2241 claim.[1] See also Little v. Hamidullah, 177 F. App'x 375, 375–376 (4th Cir. 2006); Green v. Hemingway, 67 F.App'x 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying,

---

[1] In the same vein, Prince's objection to the actions of the Kansas district court cannot be considered under § 2255 because such an objection does not fall within the purpose of that section. Moreover, even assuming § 2255 could extend to cover Prince's claim, he still cannot satisfy the requirements of In re Jones, 226 F.3d at 333-34.

**PRINCE v. O'BRIEN**  1:12CV64

**ORDER AND OPINION ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 34]**

substantive offense, not innocence of a sentencing factor.")(internal quotations omitted); Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); White v. Rivera, 518 F.Supp.2d 752, 757 n.2 (D.S.C. 2007), aff'd 262 F.App'x 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'"); Boynes v. Berkebile, No. 5:10CV00939, 2012 WL 1569563, *7 (S.D.W. Va. May 1, 2012).

**IV.**

For the reasons discussed, the Court:

1. **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 34);
2. **GRANTS** O'Brien's Motion to Dismiss (dkt. no. 23);
3. **DENIES** Prince's § 2241 petition (dkt. no. 1); and
4. **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of

8

**PRINCE v. O'BRIEN**                                                                 **1:12CV64**

**ORDER AND OPINION ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 34]**

this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: February 5, 2013.

/s/ Irene M. Keeley

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

9